## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHERINE ENGLEKING, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.  1:22-cv-175 |
| | ) | |
| v. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>NOTICE OF REMOVAL</u>

Defendant Kroger Limited Partnership I, by counsel, for its Notice of Removal, states the following:

1.     On October 19, 2021, the Plaintiff filed her Complaint for Damages in the Marion County Superior Court No. 5 of Indiana, under Cause No. 49D05-2110-CT-035276, against Defendant Kroger Limited Partnership I, seeking to recover damages suffered as a result of the Defendant's alleged negligence which allegedly occurred on or about August 19, 2021.

2.     On or about October 25, 2021, Defendant Kroger Limited Partnership I received a file-marked copy of the Plaintiff's Complaint for Damages (which included a Request for Trial by Jury in the body of the same) and a Summons from Corporation Service Company (CSC). CSC, Defendant's registered agent for service of process, received the Plaintiff's Complaint for Damages and Summons by Certified Mail. While the Plaintiff's Complaint for Damages alleged that the Plaintiff sustained injuries, medical and "other special expenses," and in the future would incur medical expenses, lost wages and "other special expenses" as a result of Defendant Kroger Limited Partnership I's alleged negligence, the Plaintiff's Complaint for Damages did not state the amount the Plaintiff was/is seeking in damages.

3.     On November 1, 2021, the undersigned counsel for Defendant Kroger Limited Partnership I filed his Appearance and he served Kroger's Interrogatories and Request for Production upon the Plaintiff's counsel.

4.     On November 12, 2021, the undersigned counsel filed Defendant Kroger Limited Partnership I's Answer.

5.     On December 7, 2021, the undersigned counsel received the Plaintiff's discovery responses via email. The Plaintiff's Answers to Interrogatories indicated that as a result of her alleged fall at Kroger the Plaintiff had sustained a fractured right leg, and had experienced and/or was experiencing back pain and right leg and knee pain. ***Plaintiff's Answers to Interrogatory***, No. 10. The same also indicated that the Plaintiff had received treatment at St. Vincent Fishers Hospital, physical therapy, and treatment by a chiropractor. ***Id.*** at Nos. 11 and 12. The Plaintiff further indicated that the Plaintiff had incurred medical expenses of  $4,806.34, although the same did <u>not</u> constitute the total amount of the Plaintiff's bills. ***Id.*** at No. 16. As contrasted with the Plaintiff's Complaint for Damages, the Plaintiff indicated in her Answers to Interrogatories that she is "not claiming lost wages or future lost wages." ***Id.*** at No. 24. Finally, as regards additional financial losses the Plaintiff indicated that she "is not aware of the total amount of [her] additional financial losses." ***Id.*** at No. 21.

6.     While the undersigned counsel had attempted to contact the Plaintiff's counsel on November 2, 2021 (and on one additional occasion apparently not noted in the undersigned's billing records or notes), and while the undersigned attempted to contact the Plaintiff's counsel's paralegal on November 5 and 8, 2021 and January 10, 2022, to confirm that the Plaintiff is a citizen of the State of Indiana and determine whether the amount in controversy in the present case exceeds the amount required to remove the present case to federal court, the sole response received

by the undersigned was the Plaintiff's counsel's paralegal's November 5, 2021 email indicating that the Plaintiff had undergone x-rays and a CT, that she had been diagnosed with a broken leg at St. Vincents, that she had undergone some treatment at Central Indiana Orthopedics, and that she is currently in a boot. Additionally, three (3) medical bills totaling $3,030.34 and a small number of medical records were attached to the email.

7.     On January 18, 2022, the undersigned electronically served the Defendant's Request for Admissions and Alternative Interrogatory on the Plaintiff's counsel. The Plaintiff's counsel responded to Defendant's Request for Admissions on the following day (January 19, 2022) denying that the Plaintiff's alleged total damages "do not exceed $75,000.00, exclusive of interest and costs" and admitting that "the Plaintiff is a citizen of the State of Indiana, i.e., that the Plaintiff is domiciled in the State of Indiana." *Plaintiff's Answer to Defendant's Request for Admissions,* p. 1, Nos. 1-2. The Plaintiff's response did not answer the Defendant's alternative interrogatory which pertained to any response to a request for admission which was "other than an unqualified admission[.]"

8.     This Notice of Removal is therefore being filed within thirty (30) days after receipt by Defendant Kroger Limited Partnership I of the Plaintiff's January 19, 2022 Answer to the Defendant's Requests for Admissions, which indicates that the amount in controversy exceeds $75,000.00 in the present case, exclusive of interest and costs, which Answer to Request for Admissions constitutes an "other paper from which it may first be ascertained that this case is one which is or has become removable." *See Murchison v. Progressive N. Ins. Co.,* 564 F. Supp. 2d 1311, 1315 (E.D. Okla. 2008)("Clearly, Defendant's request for admission was carefully worded in order to corner Plaintiff into either limiting herself to an award of $75,000.00 or less in state court or subjecting herself to federal jurisdiction. Plaintiff may be unhappy with the outcome, but

she has cited nothing and the court knows of no authority that would restrict Defendant from making such a request.")(*cited with approval in Garvin Agee Carlton, P.C. v. Brent W. Coon, P.C.*, 2019 WL 2136473, at *3 (W.D. Okla. May 16, 2019)(noting that the ***Murchinson*** Court had found that a plaintiff's response to a request for admissions was an "other paper); 28 U.S.C. 1446(b)(3) and (c)(3)(A) [as revised pursuant to the Federal Courts Jurisdiction and Venue Act of 2011], and F.R.C.P. Rules 81(c) and 6(e). Pursuant to 28 U.S.C. §1446(b), removal is timely where the removing defendant's petition for removal is filed within thirty (30) days following the removing defendant's receipt of said "other paper."

9.      As noted above, the Plaintiff's counsel has also confirmed that the Plaintiff is in fact a citizen of the State of Indiana (i.e., that the Plaintiff is domiciled in the State of Indiana).

As regards Defendants' citizenship, Defendant Kroger Limited Partnership I is an Ohio limited partnership with its principle place of business in the State of Ohio.  Defendant Kroger Limited Partnership I's sole general partner is KRGP, Inc., which is incorporated and has its principal place of business in the State of Ohio.  KRGP, LLC's officers and their respective states of residence are as follows:

Christine S. Wheatley – Ohio
Carin L. Fike – Ohio
Joseph W. Bradley – Ohio
Jacqueleen L. Cossey – Tennessee
John D. DeFrance – California
Stacey M. Heiser – Ohio
Nicholas G. Hodge – Ohio
Rick J. Landrum – Ohio
Antonio L. Matthews – Ohio
Phillip B. Nelson – Tennessee
Dorothy D. Roberts – Ohio

Defendant Kroger Limited Partnership I's sole limited partner is The Kroger Co. which also is incorporated and has its principal place of business in Ohio.  The Kroger Co. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

10.    Furthermore, this action does not arise under the worker's compensation laws of any state; is not brought against a common carrier or railroad or the receivers or trustees; does not arise under 45 U.S.C. §§ 51-60; and therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (a).

11.    Copies of all process, pleadings and orders served upon this Defendant and filed in the state court action are attached hereto, specifically Plaintiff's Complaint for Damages, Summons, the Plaintiff's counsel's Appearance, Service Returned Served, the Defendant's counsel's Appearance, Defendant's Kroger Limited Partnership I's Answer, Plaintiff's Preliminary List of Witnesses and Exhibits, and Defendant Kroger Limited Partnership I's Notice of Removal to Adverse Party and State Court Clerk.

12.    Written notice of the removal of the above-captioned cases was given on January 27, 2022 to the adverse party.

13.    Contemporaneously herewith, written notice is being provided to the Clerk of the Marion County Courts that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendant Kroger Limited Partnership I files this Notice of Removal so that the entire state court action under Cause No. 49D05-2110-CT-035276, now pending in the Marion County Superior Court No. 5, shall be removed to this Court for all further proceedings. Respectfully submitted,

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 24th day of January, 2022, a true and correct copy of this document was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's CM/ECF system:

Bradford J. Smith, #22783-47
KEN NUNN LAW OFFICE
104 S. Franklin Road
Bloomington, IN 47404


/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr.


ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260